(March 25, 1959)

■ In the Matter of the Application of CHARLES BENJAMIN COLE for Admission to Practice as an Attorney. (From the State of California.) — Application granted. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

(March 30, 1959)

■ ETHEL GERVANT, Appellant, v. NEW ENGLAND FIRE INSURANCE Co., Respondent.— Motion for rehearing of motion decided February 9, 1959, denying a motion to vacate order dated February 4, 1957, which denied a motion to amend a judgment. Motion denied, with $10 costs. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

■ BESSIE LANSIS, Appellant, v. ABE MEKLINSKY, Respondent.— Motion for leave to appeal to the Appellate Division granted. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.

■ IGNATIUS A. MONFORTE, Appellant, v. CHEMICAL CORN EXCHANGE BANK et al., Respondents.— Motion to amend notice of appeal by substituting the word " Order " for the word " Judgment " wherever it appears in said notice. The motion is considered as one to amend the notice of appeal so as to bring up for review the order entered October 15, 1958 and the judgment entered October 20, 1958 on said order. Motion granted, without costs. Present — Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ ROSE CALABRESE, Appellant, v. VINCENT CALABRESE, Respondent.— Appellant moved to punish respondent for contempt of court for failure to pay arrears of alimony. The motion was granted and respondent was fined the amount of such arrears, with leave to purge himself of his contempt by paying $5 a week on account of the arrears, in addition to the payment of current alimony. The order also provided that upon respondent's failure to comply with those provisions, a judgment might issue without further notice. The appeal is from the last-mentioned portion of the order. Order modified by striking therefrom the last ordering paragraph and by substituting therefor the following: " Ordered, that upon default of the defendant in making said payments specified above, upon application made to the Court with due notice to the defendant and with proof of such default, an order shall forthwith issue to any Sheriff of the State of New York, for the commitment of defendant as and for his contempt." As so modified, order insofar as appealed from affirmed, without costs. The Special Term, on granting the motion to punish for contempt of court, should have provided that, upon noncompliance with the terms of the order, an order of commitment could issue. (Cf. 21 Carmody-Wait, New York Practice, p. 295.) Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.